IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DEBBIE JOHNSON, JAKE STABEL, DECEASED, HELENE BERGMAN, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| AMERICA'S WHOLESALE LENDER; DITECH FINANCIAL LLC; ITS AFFILIATES AND/OR ASSIGNS; DITECH MORTGAGE, INC. | § § § § § § § | |
| *Defendants.* | § § | |

## NOTICE OF REMOVAL

Defendants Ditech Financial LLC, and Ditech Mortgage, Inc. ("Ditech") (collectively "Defendants")[1] file this Notice of Removal pursuant to diversity jurisdiction under 28 U.S.C. § 1332.

## I.
## INTRODUCTION

1.      On August 3, 2018, Plaintiffs Debbie Johnson, Helene Bergman and Jake Stabel, Deceased ("Plaintiffs") filed their Plaintiffs' Petition and Application for Temporary Restraining Order (with notice or *Ex Parte)* (the "Petition") in the 23rd Judicial District Court of Brazoria County, Texas under Cause No. 98065-CV.[2]

2.      In the Petition, Plaintiffs assert claims against Defendants for violations of the Texas Property Code relating to the real property located at 4870 Sulley Drive, Alvin, Texas 77511

---

[1] Ditech Mortgage, Inc. is not involved in this case nor does an entity exist with the precise nomenclature as used by Plaintiff. There was an entity by the name of Ditech Mortgage Corp., a California corporation, which was merged into Ditech Financial in 2015. The certificate of merger is attached. To avoid confusion, however, both entities are named as removing parties. **Exhibit A**

[2] **Exhibit B**.

4816-7469-2485.1

(the "Property"). Plaintiffs seek injunctive relief preventing foreclosure of the Property and attorneys' fees.

3.      Debbie Johnson and Jake Stabel are the signatories on the deed of trust and residents of the State of Texas.[3]

4.      Helene Bergman, plaintiff, purports to be the purchaser of the property and an attorney with an office in Houston, Texas and is therefore a citizen of the state of Texas.[4]

5.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Defendants are attached hereto and marked as **Exhibit B**.

## II.
## TIMELINESS OF REMOVAL

6.      This suit was filed on August 3, 2018 and no service has been obtained on Defendants. This Notice of Removal is therefore timely.

## III.
## BASIS FOR REMOVAL: DIVERSITY JURISDICTION

7.      This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The requirements for diversity jurisdiction are met in this case, as the Plaintiffs and Defendants are completely diverse in citizenship and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

*A.*     *Complete Diversity Exists.*

8.      Plaintiffs are citizens of Texas, residing in Harris County, Texas.[5]

---

[3] *See* **Exhibit C.** The petition states that Stabel is deceased; however, the estate has not made an appearance in this action.
[4] Bergman contends that she purchased the Property from Plaintiff Johnson; if so, this purchase was done without notice to or consent of Ditech.
[5] *See* Petition at ¶ 2.

4816-7469-2485.1

9.      Ditech is a Delaware limited liability company with its principal office located in Fort Washington, Pennsylvania.[6]  For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of its members.[7] The members of Ditech are Walter Management Holding Company LLC, a Delaware limited liability company with its principal office in Pennsylvania and Green Tree Servicing Corp., a Delaware corporation with its principal office in Pennsylvania.  The sole member of Walter Management Holding Company LLC is Green Tree Credit Solutions LLC, a Delaware limited liability company with its principal office located in Pennsylvania.  The sole member of Green Tree Credit Solutions LLC is Ditech Holding Corporation, a Maryland corporation with its principal office located in Fort Washington, Pennsylvania.  Therefore, Ditech is a citizen of Delaware, Pennsylvania and Maryland for diversity purposes.

10.     Under the doctrine of improper joinder - sometimes called fraudulent joinder - diversity jurisdiction cannot be destroyed when a plaintiff improperly joins a non-diverse defendant.[8]  Improper joinder occurs when there is no reasonable possibility that the plaintiff can establish a cause of action against the non-diverse party in state court.[9]

11.     Defendant America's Wholesale Lender is named only as a Defendant, and no allegations are made against it in the Petition.[10]  Without stating any allegations against Defendant America's Wholesale Lender, the Plaintiffs cannot prevail on a claim against it.  Accordingly,

---

[6] As previously stated, Ditech Mortgage no longer exists.
[7] Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008).
[8] *McKee v. Kansas City Southern Rail Road Co.,* 358 F3d 329, 333 (5th Cir. 2004).
[9] *Travis v. Irby,* 326 F.3d 644, 648 (5th Cir. 2003).  To avoid fraudulent joinder, a plaintiff must be able to show that there is "a reasonable basis for predicting that the state law might impose liability on the facts involved…This possibility, however, must be reasonable, not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F3d 305, 312 (5th Cir. 2002) (internal citation and quotations omitted).
[10] *See generally* Original Petition.

3

Defendant America's Wholesale Lender is improperly joined and its citizenship must be disregarded for diversity purposes.

12.     Because Plaintiffs are citizens of Texas, Ditech is a citizen of Delaware, Pennsylvania and Maryland, and Defendant America's Wholesale Lender is improperly joined, complete diversity of the Parties exists.

### B.     The Amount in Controversy Exceeds $75,000.00.

13.     In the Petition, Plaintiff seeks injunctive relief to enjoin Defendants from taking any action to foreclose on the Property.[11] When such relief is sought, the amount in controversy is measured by the value of the object of the litigation.[12] When the object of the mortgagors' litigation is the protection of their entire property, the fair market value of the property is the proper measure of the amount in controversy.[13] Here, the value of the Property is at least $123,620.00.[14] Therefore, based on the value of the injunctive relief sought by Plaintiffs, the amount in controversy exceeds $75,000.00 and removal is proper.

## IV.
## VENUE

14.     Venue is proper in the Southern District of Texas, Galveston Division pursuant to 28 U.S.C. § 1441(a) because Brazoria County, Texas is located within this District and cases arising from Brazoria County, Texas are properly assigned to the Southern District of Texas.[15]

## V.
## ADDITIONAL REQUIREMENTS

---

[11] *See* Petition at ¶ 17.
[12] Farkas v. GMAC Mortg., LLC, 737 F.3d 338, 341 (5th Cir. 2013).
[13] *Id.*
[14] *See* Brazoria County Appraisal District Summary, attached as **Exhibit D**. It is appropriate for the Court to take judicial notice of the Brazoria County Tax Appraisal because it is a public record and the information it provides is readily ascertainable and the source – the Brazoria Tax Appraisal District – cannot reasonably be questioned. *See* Funk v. Snyker, 631 F.3d 777, 783 (5th Cir. 2011).
[15] 28 U.S.C. § 124(d)(4).

4

15.    Plaintiff demanded a jury trial in her Original Petition.

16.    Written notice of removal will be provided to Plaintiff and filed with the County

Clerk of Brazoria County, Texas contemporaneously with this pleading.

Having satisfied the requirements for removal under 28 U.S.C. §§ 1331 and 1332,

Defendants gives notice that Cause No. 98065-CV, now pending in the 23rd Judicial Court of

Brazoria County, Texas, has been removed to this Court.

Respectfully submitted,



By:    ____/s/ S. David Smith_____
       **S. DAVID SMITH**
       Texas Bar No. 18682550
       Fed. I.D. No. 14233
       sdsmith@bradley.com
       600 Travis Street, Suite 4800
       Houston, Texas 77002
       (713) 576-0300 Telephone
       (713) 576-0301 Telecopier
       ***ATTORNEYS FOR DEFENDANT
       DITECH FINANCIAL, LLC, DITECH
       MORTGAGE, INC.***

5

OF COUNSEL:

**MELISSA S. GUTIERREZ**
Texas Bar No. 24087648
Fed. I.D. No. 2255351
mgutierrez@bradley.com
600 Travis Street, Suite 4800
Houston, Texas 77002
(713) 576-0300 Telephone
(713) 576-0301 Telecopier

## CERTIFICATE OF SERVICE

I certify that on this 14th day of January, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing has been served on all counsel of record as follows:

*Via email:* **bergmanlawfirm@sbcglobal.net and**
**C.M.R.R. #__9314 8699 0430 0054 8390 18**
Helene Bergman
P. O. Box 941142
Houston, TX  77094-8142
713-515-2071
bergmanlawfirm@sbcglobal.net
*Attorneys for Plaintiffs*


*/s/ S. David Smith*
S. David Smith

4816-7469-2485.1